IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARNITTA DAVIS, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| SITA, INC. and ) | JURY TRIAL DEMANDED |
| KERI STREICHER, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Arnitta Davis (hereinafter "Plaintiff"), and files this lawsuit against Defendants SITA, Inc. and Keri Streicher (hereinafter collectively "Defendants"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant SITA, Inc. is a Georgia corporation, and the unlawful employment practices described herein occurred at 3100 Cumberland Boulevard, Atlanta, GA, 30339. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. Parties

5.

Plaintiff is a resident of the State of Georgia, residing at 2145 Montilly Place, College Park, Georgia and is subject to the jurisdiction of this court.

6.

Plaintiff was an "employee" of Defendants as defined under FLSA §3(e), 29 U.S.C. §203(e).

7.

Plaintiff performed non-exempt labor for the Defendants within the last three years. Plaintiff was misclassified as exempt despite having no management or supervisory responsibilities.

8.

Defendants employed the named Plaintiff during the relevant time period.

9.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid an overtime wage differential.

10.

Defendant SITA, Inc. is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of FLSA § 3(r) and (s), 29 USC § 203(r) and (s), and its gross revenues exceed $500,000 per year.

11.

Defendant SITA, Inc. can be served with process by delivering a copy of the Summons and Complaint to its agent Corporation Process Company, 2180 Satellite Blvd, Suite 400, Duluth Georgia 30097.

12.

Defendant Keri Streicher (hereinafter "Streicher") is the Human Resources Manager at the United States headquarters office of SITA, Inc.  Defendant Streicher had discretion over Plaintiff's payroll and overtime compensation. Defendant Streicher acts both directly and indirectly in the interest of SITA, Inc. and was in a supervisory position over the named Plaintiff.

13.

Defendant Streicher can be served with process by delivering a copy of the Summons and Complaint to her home address at 1290 Zion Hill Road, Ellijay, Georgia 30540-0328.

14.

Defendants SITA, Inc. and Streicher are "employers" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

15.

Defendants are governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## IV. Facts

16.

Defendants hired Plaintiff on January 28, 1986 as an Administrative Assistant.  Since 2004, Plaintiff's position was Customer Billing Representative.  Her duties included customer satisfaction and recording, follow-up and resolution of billing-related customer queries in the billing functional area for globally located clients.  Her most recent salary was $47,900.00.

17.

While Plaintiff was a Customer Billing Representative, she often worked over forty (40) hours every week.  In fact, Plaintiff often worked Saturdays and Sundays to keep up with all of her job responsibilities and her global client queries.  She also ate lunch at her desk on many occasions.  Despite working over forty (40) hours every week, she was not compensated for any overtime work.

18.

During Plaintiff's employment with Defendants, Plaintiff did not have any authority to make any business decisions independent of the approval of her supervisor.

19.

During Plaintiff's employment with Defendants, Plaintiff had no authority to formulate, affect, interpret or implement management policies or operating practices.

20.

During Plaintiff's employment with Defendants, Plaintiff followed standard policies and procedures and had no authority to deviate from them without prior approval.

21.

During Plaintiff's employment with Defendants, Plaintiff had no authority to negotiate with external entities on behalf of the Company.

22.

During Plaintiff's employment with the Defendants, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

23.

During the period from July 2007 until February 2010, Defendant Streicher willfully employed Plaintiff in the aforesaid enterprise for workweeks longer than forty (40) hours and failed to compensate her in excess of forty (40) hours per week at a rate of at least one and one half times her regular rate at which she was employed, contrary to § 7 of the FLSA, 29 USC § 207.

24.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI. Prayer for Relief

25.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6(d), 29 U.S.C. § 206(d), liquidated damages as provided by FLSA § 16, 29 U.S.C. §216, pre-

judgment interest on unpaid wages pursuant to FLSA § 16, 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16, 29 U.S.C. § 216 and all other remedies allowed under the FLSA; and,

(C) Grant declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(D) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 14th day of July, 2010.

            **BARRETT & FARAHANY, LLP**

            /s/ Amanda Farahany
            Amanda A. Farahany
            Georgia Bar No. 646135
            Attorney for Arnitta Davis

1401 Peachtree Street
Suite 101
Atlanta, GA 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
Email: amanda@bf-llp.com